## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
NORMAN SENEKA BOWERS,          )
                               )
               Petitioner,     )
                               )      1:16CV790
     v.                        )      1:13CR458
                               )
UNITED STATES OF AMERICA,      )
                               )
               Respondent.     )
```

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 45).[1] For the reasons that follow, the Court should deny the Section 2255 Motion.

### INTRODUCTION

This Court (per Senior United States District Judge N. Carlton Tilley, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 78 months followed by a supervised release term of three years upon his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 29; see also Docket Entry 3 (Indictment); Docket Entry 16 (Plea Agt.); Docket Entry 24 (Presentence Report ("PSR")); Docket Entry 40 (Plea Hrg. Tr.); Docket Entry 41 (Sent'g Hrg. Tr.).) Petitioner gave Notice of Appeal (Docket Entry 30), but the United States Court of

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Appeals for the Fourth Circuit affirmed, United States v. Bowers, 616 F. App'x 620 (4th Cir. 2015).

Petitioner then timely filed his instant Section 2255 Motion (Docket Entry 45), which presents three grounds for relief due to "Denial of Effective Assistance of Counsel" (id., ¶ 12.A., B., & C.), the first of which attacks his conviction and the latter two of which pertain to his sentence (see id.).  The United States responded (Docket Entry 49 ("Response")), attaching thereto an affidavit of Petitioner's counsel (Docket Entry 49-1).  The Clerk promptly mailed Petitioner a notice, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of (1) his right to file a "reply brief in opposition to the [ R]esponse" (Docket Entry 50 ("Roseboro Notice") at 1), as well as "counter-affidavits in opposition to the affidavit [from his counsel] submitted by the government" (id.), and (2) the fact that the "failure to file a reply brief or, if appropriate, to file counter-affidavits in rebuttal within the time allowed may cause the [C]ourt to conclude that the government's contentions are undisputed" (id.) and to "dismiss [Petitioner's] suit or render judgment against [him]" (id.; see also id. ("[U]nless you file a reply brief in opposition to the [ R]esponse, it is likely your case will be dismissed.")). Petitioner thereafter sent a letter to the Clerk, which acknowledged receipt of the Roseboro Notice, but denied receipt of the Response.  (See Docket Entry 51 at 1.)

Before further action occurred on the Section 2255 Motion, the Bureau of Prisons released Petitioner. See https://www.bop.gov/inmateloc (search for Petitioner) (last performed Feb. 26, 2022) (documenting release date of July 19, 2019).[2] Contrary to the requirements of the Local Rules, Petitioner did not "keep the Court and opposing parties advised as to his [] current address," M.D.N.C. LR 11.1(b); see also M.D.N.C. LCrR 57.1 (incorporating Local Rule 11.1(b)). Based on that failure, "the Court could [have] proceed[ed] to consider [the Section 2255] Motion without affording Petitioner an[other] opportunity to reply to [the] Response; however, . . . the [undersigned] Magistrate Judge contacted the United States Probation Office in an attempt to identify an address for Petitioner . . . ." (Text Order dated

---

[2] Because Petitioner remained imprisoned when he filed the Section 2255 Motion, he satisfied the "in custody" requirement of Section 2255. See United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992) ("Whether an individual is in custody for § 2255 purposes is determined at the time the habeas action is filed."). Nor has his release mooted his collateral attack. See id. ("With respect to mootness, as [the petitioner] attacks the validity of the conviction through his § 2255 motion, expiration of his sentence does not moot the action . . . [unless] there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." (internal quotation marks omitted)); see also Jones v. Cunningham, 371 U.S. 236, 242 (1963) (deeming parolee still "in custody" for habeas purposes because release from physical confinement remained conditional and "custody and control of the Parole Board involves significant restraints on [parolee's] liberty"); United States v. Ketter, 908 F.3d 61, 66 (4th Cir. 2018) ("Although the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand a district court could grant relief to the prevailing party in the form of a shorter period of supervised release." (emphasis omitted)).

3

Sept. 25, 2021.) The Probation Office advised "that Petitioner recently had been instructed to surrender to the United States Marshals Service for service of a warrant, but that Petitioner had not complied with that instruction and thus effectively has become a fugitive." (Id.) "That circumstance further would [have] support[ed] the Court proceeding to dispose of [the Section 2255] Motion without affording Petitioner an[other] opportunity to reply to [the] Response. Nonetheless, . . . [the] Response [and another copy of the Roseboro Notice were] sent to the two addresses that the [] Probation Office reported Petitioner had identified as residences since his release . . . ." (Id.) Additionally, the Court (per the undersigned Magistrate Judge) "set a new deadline [of October 12, 2021] for Petitioner to file any reply to [the] Response." (Id.) Despite all those allowances, Petitioner has not replied. (See Docket Entries dated Sept. 25, 2021, to present.)

## DISCUSSION

To prevail on any of his ineffective assistance claims, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted); see also Strickland, 466

4

U.S. at 694 (defining prejudice as "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); Hill v. Lockhart, 474 U.S. 52, 59 (1985) (explaining that, for plea-related ineffectiveness claim, "to satisfy the 'prejudice' requirement, [a petitioner] must show that there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

## Ground One

As his first ground for relief, Petitioner has alleged that "[his] counsel was ineffective for failing to file a motion to suppress and challenge the illegal stop of [Petitioner's] vehicle[ and] the agent's unlawful opening the door of [Petitioner's] vehicle." (Docket Entry 45, ¶ 12.A.)  When (as in this case),

> a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea . . . .

Tollett v. Henderson, 411 U.S. 258, 267 (1973) (emphasis added); see also id. ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.").  A defendant pleads guilty voluntarily when he possesses "aware[ness] of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own

5

counsel . . . [, and received no] induce[ment] by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or . . . promises that are by their nature improper . . . (e.g. bribes)." Brady v. United States, 397 U.S. 742, 755 (1970) (internal quotation marks omitted). To make an intelligent guilty plea, a defendant must enjoy "control of his mental faculties" and must know "the nature of the charge against him." Id. at 756. "A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . ." Tollett, 411 U.S. at 267; see also United States v. Broce, 488 U.S. 563, 572 (1989) ("[A] counseled defendant may not make a collateral attack on a guilty plea on the allegation that he misjudged the admissibility of [evidence].").

Given that legal landscape and the record's conclusive showing that Petitioner pleaded guilty intelligently and voluntarily (see Docket Entry 40 at 11-34 (documenting that, after swearing to tell the truth, Petitioner – then a "[t]hirty-four" year old man, who went to school through "[t]welfth grade" and received his "GED" – entered an intelligent and voluntary guilty plea, pursuant to a written Plea Agreement which he fully understood, just as Judge

6

Tilley found at that time)),[3] Ground One falls short under Tollett. See, e.g., Maldonado v. Campbell, No. 20-1345, 2020 WL 6194595, at *2 (6th Cir. Aug. 17, 2020) (unpublished) ("[The petitioner] also argues that his attorney rendered ineffective assistance by not filing a motion to suppress . . . . However, his no-contest plea waive[d] consideration of th[at] claim[]." (citing Tollett)); United States v. Austin, No. 96-6121, 87 F.3d 1309 (table), 1996 WL 295278, at *1 (4th Cir. June 5, 1996) (unpublished) ("Appellant raised [a] claim[] in his habeas motion[] that his counsel was ineffective for . . . failing to move for suppression of evidence . . . . [Those] allegations state [a] non-jurisdictional claim[] antecedent to the guilty plea. [That claim was] waived by the guilty plea." (citing Tollett)); Yang v. United States, Nos. 1:16CR140, 1:17CV959, 2021 WL 1227756, at *5 (M.D.N.C. Feb. 23, 2021) (unpublished) ("[The p]etitioner's guilty plea bars a collateral attack grounded in his counsel's failure to advise him

---

[3] "[Such] findings made by the judge accepting the plea[] constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Coordinately, "[Petitioner's] solemn declarations in open court affirming [his P]lea [A]greement carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal brackets, citations, ellipses, and quotation marks omitted). "Thus, in the absence of extraordinary circumstances, . . . [the C]ourt should, without holding an evidentiary hearing, dismiss any [collateral claim] that necessarily relies on allegations that contradict [Petitioner's] sworn statements." Id. at 221-22. Petitioner has proved no extraordinary circumstances of that sort. (See Docket Entry 45, ¶ 12.A.)

7

about and litigate the potential suppression issue." (citing Tollett)), recommendation adopted, 2021 WL 1227059 (M.D.N.C. Mar. 31, 2021) (unpublished) (Schroeder, C.J.); Bryant v. United States, Nos. 4:18CR437, 4:19CV2692, 2020 WL 869965, at *3 (D.S.C. Feb. 21, 2020) (unpublished) (holding that ineffectiveness "claim [for] counsel fail[ing] to file a motion to suppress . . . is barred by *Tollett*"), appeal dismissed, 826 F. App'x 291 (4th Cir. 2020); Matthew v. United States, Nos. 3:06CR16, 3:13CV111, 2015 WL 13573975, at *3 (W.D.N.C. Oct. 8, 2015) (unpublished) ("[B]y entering a knowing and voluntary guilty plea, [the p]etitioner waived his right to argue that his attorney was ineffective in failing to file a motion to suppress." (citing Tollett)), appeal dismissed, 635 F. App'x 104 (4th Cir. 2016); Hawk v. United States, Nos. 1:08CR413, 1:12CV361, 2015 WL 13567551, at *1-2 (M.D.N.C. May 27, 2015) (unpublished) (Webster, M.J.) (citing Tollett in opining that the petitioner "may not raise" claims "alleg[ing] ineffective assistance of counsel as it relates to counsel's failure to request a suppression hearing," given "valid guilty plea"), recommendation adopted, 2015 WL 13567416 (M.D.N.C. June 30, 2015) (unpublished) (Beaty, S.J.); contra Mahrt v. Beard, 849 F.3d 1164, 1171 (9th Cir. 2017) ("conclud[ing] that [suppression-related] ineffective assistance of counsel claim is allowed under *Tollett*"); United States v. Ferrel, Nos. 07CR283, 11CV1842, 2014 WL 12769045, at *3 (D. Colo. Feb. 3, 2014) (unpublished) (same).

8

Alternatively, Ground One fails as a matter of law, because Petitioner has offered nothing but conclusory allegations, through which he cannot show that (A) his counsel acted unreasonably by opting not to file a suppression motion, and/or (B) any such motion would have altered the outcome of this case in his favor (i.e., would have caused him to opt against pleading guilty). Specifically, as "Supporting Facts," Ground One simply states that:

1) "[Petitioner] was advised by the agents [who stopped his vehicle] that he was being pulled over because he matched the description of an armed robbery suspect [from a robbery] that had occurred several blocks down the road and [because] he was driving a vehicle that allegedly matched the description of the vehicle that allegedly left the scene" (Docket Entry 45, ¶ 12.A. (citing Docket Entry 41 at 18));

2) "[Petitioner's] counsel was in possession of [a] dispatch report which clearly shows that [Petitioner's] vehicle did not match the description of [the] vehicle in [the] dispatch report and [his] height did not match the descropition [sic] of the dispatch report" (id.; see also id. (describing Petitioner's vehicle as "blue Mercedez [sic]" and "suspect description []as 6'' [sic] tall 150 lbs. and driving a white or silver box style car"));[4] and

---

[4] The Factual Basis for Petitioner's guilty plea and the PSR both contradict Ground One's above-quoted, conclusory statement that Petitioner and his vehicle did <u>not</u> match the suspect/suspect vehicle description. (<u>See</u> Docket Entry 13 at 1; Docket Entry 24 at
(continued...)

9

3) when "the agent asked [Petitioner] to step out of the vehicle[, he] answered with <u>NO</u>" (<u>id.</u> (emphasis in original)), but "[t]he agent then opened the door without [Petitioner's] consent and [he] had no choice but to exit the vehicle" (<u>id.</u> (citing Docket Entry 41 at 21) <u>see also</u> <u>id.</u> ("At this time[, Petitioner] was in fear for his safety in the hands of white police officers falsely accusing [him] and he took off running.")).

Ground One thus "provide[s] only conclusory allegations which meet neither the error nor the prejudice prong of the *Strickland* analysis," <u>Cano v. United States</u>, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished) (Dietrich, M.J.), <u>recommendation adopted</u>, slip op. (M.D.N.C. Dec. 29, 2009) (Beaty, C.J.); <u>see also</u> <u>Ward v. United States</u>, Nos. l:10CR208, l:13CV168, 2016 WL 1032847, at *4 (M.D.N.C. Mar. 15, 2016) (unpublished) (Osteen, C.J.) ("Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less [habeas] relief.") (citing <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992),

---

[4](...continued)
3-4; <u>see also</u> Docket Entry 1 at 2 (averring in support of Criminal Complaint (A) that "broadcast included the suspect description as a skinny black male subject wearing a black hood or hat and a suspect vehicle described as a metallic box style passenger vehicle," as well as (B) that, at time of vehicle stop, Petitioner wore "hooded sweatshirt"); Docket Entry 24 at 2 (describing Petitioner as "Black or African American" and "Male"), 13 (listing his "weigh[t as] 140 pounds").) Moreover, Petitioner chose not to contest that aspect of the Factual Basis at his plea hearing (<u>see</u> Docket Entry 40 at 32) or that aspect of the PSR in advance of/at his sentencing hearing (<u>see</u> Docket Entry 20 at 1-3; Docket Entry 24 at 19; Docket Entry 41 at 3-9).

10

abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)).[5]  Additionally, Petitioner's counsel has countered the conclusory allegations of Ground One as follows:

> [Petitioner's counsel] reviewed the government's discovery with [Petitioner], discussed possible defenses, including the possibility of proactive challenges to the government's case by filing potential dispositive motions.
>
> [Petitioner's counsel] advised [Petitioner] that . . . the facts of his case did not support filing dispositive motions. He agreed that obtaining the most advantageous plea was in his best interest. [Petitioner's counsel] calculated [Petitioner's] likely sentencing range, explained it to him and also explained the government's plea offer.
>
> [Petitioner] agreed that the proposed [P]lea [A]greement was in his best interest and signed the [Plea A]greement.

(Docket Entry 49-1 at 2.)

As documented in the Introduction, despite proper notice of his right to contest that evidence (and the consequences of failing to do so), Petitioner has not come forward with any evidence to refute his counsel's showing that, after careful review, Petitioner and his counsel agreed that no basis existed to file a suppression motion. "'[The] decision whether to file a pre-trial motion to

---

[5] Ground One also erroneously asserts that the officer making the vehicle stop had to "have probable cause to pull [Petitioner] over" (Docket Entry 45, ¶ 12.A.) and needed "probable cause to conduct a Terry [s]earch of [Petitioner]" (id.). See United States v. Foreman, 369 F.3d 776, 781 (4th Cir. 2004) ("In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court first held that the Fourth Amendment requires that a brief investigatory stop [and frisk] of an individual be supported by reasonable suspicion. . . . [That] standard is a less demanding standard than probable cause . . . ." (parallel citation and internal quotation marks omitted)).

11

suppress is a classic tactical decision.'" <u>Lowe v. United States</u>, Nos. 1:07CR71-2, 1:12CV1344, 2015 WL 13548371, at *2 (M.D.N.C. Nov. 23, 2015) (unpublished) (Webster, M.J.) (internal ellipsis omitted) (quoting <u>Sexton v. French</u>, 163 F.3d 874, 885 (4th Cir. 1998)), <u>recommendation adopted</u>, 2016 WL 9459828 (M.D.N.C. Jan. 5, 2016) (unpublished) (Beaty, S.J.). "Obviously, this tactical decision made by [Petitioner and his] counsel cannot be second-guessed by this [C]ourt and, therefore, [Petitioner's] counsel w[as] not constitutionally ineffective . . . ." <u>Sexton</u>, 163 F.3d at 887; <u>see also</u> <u>Clozza v. Murray</u>, 913 F.2d 1092, 1100 (4th Cir. 1990) ("[Courts] cannot, in keeping with *Strickland*, second-guess counsel's tactical choices."); <u>Lowe</u>, 2015 WL 13548371, at *2 ("[B]ecause it would have been futile to file a motion to suppress, counsel was not objectively unreasonable in declining to file one, nor was [the p]etitioner prejudiced as a result."); <u>United States v. Williams</u>, Nos. 1:12CR215, 1:14CV577, 2014 WL 5810922, at *5 (E.D. Va. Nov. 7, 2014) (unpublished) ("It was . . . a prudent tactical decision for counsel not to have wasted his or the [c]ourt's time filing a suppression motion doomed to fail.").

Lastly (as to Ground One), Petitioner has presented solely a single, undeveloped assertion that, but for his counsel's alleged ineffectiveness in connection with this suppression issue, "[he] would not have plead[ed] guil[ty]." (Docket Entry 45, ¶ 12.A.) Bare allegations of that sort do not suffice (particularly not in

12

this context). See, e.g., United States v. Harris, 404 F. App'x 264, 267 (10th Cir. 2010) ("[The petitioner] offers nothing more than his own word that he would not have pleaded guilty but for counsel's actions, and conclusory allegations are insufficient to support an ineffective assistance of counsel claim."); Peacock v. Sherry, No.07-12215, 2009 WL 2900701, at *1 (E.D. Mich. Sept. 3, 2009) (unpublished) ("[The p]etitioner's conclusory statement that he would have insisted on going to trial absent his counsel's ineffective representation falls well short of the standard required to state an ineffective-assistance claim in the plea-bargain context."); Simon v. McDonough, No. 3:05CV396, 2007 WL 4181030, at *12 (N.D. Fla. Nov. 20, 2007) (unpublished) ("Conclusory, self-serving, after-the-fact statements that [the p]etitioner would not have pled and would have insisted on going to trial do not meet [the prejudice] requirement.").

For all of these reasons, the Court should deny relief on Ground One.

## Ground Two

The Section 2255 Motion's second ground asserts claims that (1) "[Petitioner's] counsel was ineffective for failing to object to the lack of notice for [the] two level [U.S.S.G. §] 3C1.2 enhancement [for reckless endangerment during flight, (2) his counsel was ineffective] for failing to object . . . that mere flight does not create a risk of death or serious bodily injury"

13

(Docket Entry 45, ¶ 12.B.), (3) "[his] counsel was also ineffective for failing to object to [the] enhancements of obliterated serial number [under U.S.S.G. § 2K2.1(b)(4)(B)] and [reckless endangerment during flight under Section 3C1.2] on grounds that [they] violate[d] the presentment clause of the U.S. Constitution" (Docket Entry 45, ¶ 12.B.; see also id. ("[B]ecause the pointing of a firearm at an agent constitutes an infamous crime there is no jurisdiction to punish [Petitioner] without presentation of [an] indictment . . . .")), and (4) "[his] counsel was ineffective for failing to object to the [obliterated serial number increase under Section 2K2.1(b)(4)(B) due to insufficient] chain of custody [for the firearm]" (id.; see also id. ("It is [Petitioner's] contention that the state agents obliterated the serial number . . . .")).

The record refutes the premises of the first two of the four ineffectiveness claims in Ground Two. As to the first, the PSR (in both its draft and final forms) afforded Petitioner notice of the applicability of the two-level upward adjustment under Section 3C1.2, because he "created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer" (Docket Entry 24 at 5; accord Docket Entry 18 at 5; see also Docket Entry 18 at 4 ("[Petitioner] ran from the scene. The officer was able to tackle [Petitioner] after a brief foot chase. [Petitioner] struck the officer in the face after he was tackled. The officer noticed a small firearm in [Petitioner's]

14

hand and that the firearm was pointed at the officer. The officer punched [Petitioner] in the face. The punch caused [Petitioner] to drop the firearm on the ground. Another officer arrived on the scene . . . . The two officers struggled with [Petitioner] for a short period of time before they were able to handcuff him. The officers recovered a Kel-Tec .380 caliber firearm. The firearm was loaded . . . and a live round was in the chamber." (internal paragraph number omitted)); Docket Entry 24 at 4 (same)). Turning to the second, the record reflects that Petitioner's counsel "object[ed] to the two level enhancement in [the PSR] for creating a substantial risk of death or serious bodily injury, pursuant to [Section ]3C1.2. He contend[ed] that the mere flight from law enforcement d[id] not create [a] risk of death or serious bodily injury." (Docket Entry 24 at 19; see also Docket Entry 20 at 2 ("[Petitioner] objects to the 2 point enhancement under [Section ]3C1.2, in that mere flight from a police officer attempting to make an arrest is not considered to be 'reckless conduct.'"); Docket Entry 41 at 4 (memorializing objection to "two-level enhancement . . . for creating a substantial risk of death or serious bodily injury under [Section] 3C1.2, in that mere flight from law enforcement officers[,] in and of itself, does not create a risk of death or serious bodily injury").)[6]

---

[6] At sentencing, the Court (per Judge Tilley) noted that the PSR described conduct far beyond mere flight by Petitioner. (See
(continued...)

15

The third ineffective assistance claim within Ground Two – i.e., that Petitioner's counsel should have objected to the upward adjustment for reckless endangerment during flight under Section 3C1.2 and the offense level increase for possessing a firearm with an obliterated serial number under Section 2K2.1(b)(4)(B) "on grounds that [those enhancements] violate[d] the presentment clause of the U.S. Constitution" (Docket Entry 45, ¶ 12.B.; see also id. (arguing that "pointing of a firearm at an agent constitutes an infamous crime [for which] there is no jurisdiction to punish [Petitioner] without presentation of indictment")) – falters because "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3 cmt. background (2013);[7] see also United States v. Booker, 543 U.S. 220, 250-52 (2005) (emphasizing importance of maintaining "real conduct" sentencing (as prescribed by quoted commentary to Section 1B1.3), in electing to remedy Guidelines'

---

[6](...continued)
Docket Entry 41 at 5 (pointing out that PSR recited that "[Petitioner] struck the officer in the face," that "[t]he officer noticed a small firearm in [Petitioner's] hand," and that "[t]he firearm was pointed at the officer").) After the officer in question testified (on direct- and cross-examination) consistently with the information in the PSR as to which Judge Tilley had taken note (see id. at 21-23, 25-27), Judge Tilley "f[ou]nd [the Section 3C1.2] enhancement[ ] appropriate" (id. at 29).

[7] "The 2013 Guidelines Manual . . . was used to determine [Petitioner's] offense level." (Docket Entry 24 at 5.)

16

Case 1:13-cr-00458-NCT   Document 62   Filed 03/02/22   Page 16 of 20

constitutional infirmity by striking provision making them binding, rather than by engrafting onto them indictment-presentment and defendant-admission/reasonable-doubt-jury-finding requirements).

The fourth (and final) ineffectiveness claim embedded in Ground Two, "concerning the chain of custody for [the firearm] is equally unavailing. [Ground Two] does not point to a specific defect in the chain of custody, and the government d[id] not need to present a chain of custody for the [C]ourt to consider th[at] evidence at sentencing." Beatty v. United States, Crim. No. 05-40021, 2012 WL 4936506, at *7 (D. Mass. Oct. 15, 2012) (unpublished); see also United States v. Arbaugh, 951 F.3d 167, 173 (4th Cir.) ("[W]hen a fact is disputed at sentencing, parties should be given the opportunity to present information and the court can resolve disputes by considering any 'relevant information' without having to follow the Federal Rules of Evidence, 'provided that the information has sufficient indicia of reliability to support its probable accuracy.'" (quoting U.S.S.G. § 6A1.3)), cert. denied, ___ U.S. ___, 141 S. Ct. 382 (2020); United States v. Slager, 912 F.3d 224, 235 n.4 (4th Cir.) ("[T]he Rules of Evidence do not apply to sentencing." (citing Fed. R. Evid. 1101(d)(3))), cert. denied, ___ U.S. ___, 139 S. Ct. 2679 (2019); United States v. Ricco, 52 F.3d 58, 61 (4th Cir. 1995) ("The 'chain of custody' rule is found in Fed. R. Evid. 901, which requires that the admission of an exhibit must be preceded by

17

'evidence sufficient to support a finding that the matter in question is what its proponent claims.'"); <u>United States v. Howard-Arias</u>, 679 F.2d 363, 366 (4th Cir. 1982) (explaining that, even when Federal Rule of Evidence 901 applies, "precision in developing the 'chain of custody' is not an iron-clad requirement"). Indeed, instead of articulating a concrete chain-of-custody-related challenge Petitioner's counsel could have raised to the Court's consideration of the firearm (and its obliterated serial number) at sentencing, Ground Two offers only the bald "contention that the state agents obliterated the serial number" (Docket Entry 45, ¶ 12.B.). Those sort of "[u]nsupported, conclusory allegations do not warrant an evidentiary hearing, much less [habeas] relief." <u>Ward</u>, 2016 WL 1032847, at *4; <u>see also</u> <u>Cano</u>, 2009 WL 3526564, at *3 (ruling that "conclusory allegations [] meet neither the error nor the prejudice prong of the *Strickland* analysis").

In sum, Ground Two lacks merit, because (A) Petitioner's counsel objected to the upward adjustment for reckless endangerment during flight under Section 3C1.2, based on the theory that mere flight does not warrant that adjustment (which objection Judge Tilley rejected after hearing evidence establishing that Petitioner engaged in more than mere flight), and (B) Petitioner's counsel neither acted ineffectively nor caused Petitioner prejudice by failing to lodge futile objections to that Section 3C1.2 adjustment and/or the offense-level increase for possessing a firearm with an

18

obliterated serial number under Section 2K2.1(b)(4)(B), based on theories of insufficient notice, violation of the constitutional presentment requirement, and/or inadequate chain of custody, as "counsel [i]s not constitutionally ineffective in failing to object [if] . . . it would have been futile for counsel to have done so," Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000).

### Ground Three

In its third (and final) ground for relief, the Section 2255 Motion appears to assert that Petitioner's counsel rendered ineffective assistance by refraining from objecting when "the prosecution allowed [the officer who made the vehicle stop] to testify falsely that [Petitioner's] blue mercedez [sic] matched the description of the dispatch report" (Docket Entry 45, ¶ 12.C.), and when the prosecution "allowed [that same officer to] testify falsely that [Petitioner] pointed a firearm at [the officer]" (id.; see also id. ("[Petitioner's] counsel and the prosecutor violated [Petitioner's] due process rights by failing to correct false testimony.")). Ground Three, however, does not set forth any facts that would show that the officer in question testified falsely on those points (much less that either the United States or Petitioner's counsel possessed evidence which rendered that testimony false). (See id.)[8] As a result, any objection(s) of the

---

[8] To the contrary, as detailed in Footnote 4, Petitioner already effectively had conceded (both at the time of his guilty
(continued...)

19

sort Ground Three contemplates would have proved fruitless, which (in turn) means that any ineffectiveness claim in Ground Three falls short. See Oken, 220 F.3d at 269 ("[C]ounsel [i]s not constitutionally ineffective in failing to object [if] . . . it would have been futile for counsel to have done so . . . .").[9]

CONCLUSION

Petitioner has established no entitlement to relief.

**IT IS THEREFORE RECOMMENDED** that the Section 2255 Motion (Docket Entry 45) be denied without a certificate of appealability.

/s/ L. Patrick Auld
L. Patrick Auld
United States Magistrate Judge

March 2, 2022

---

[8](...continued) plea and in connection with sentencing) that he and his vehicle matched the suspect/suspect vehicle description given to the officer who stopped Petitioner's vehicle. Likewise, at sentencing, Petitioner elected not to testify about his struggle with the officer in question (see Docket Entry 41 at 9, 29) and (during allocution) "apologize[d] to him" (id. at 34; see also id. (stating "I'm sorry" to officer)), without denying that the firearm Petitioner possessed actually ended up pointed at the officer, but instead only claiming: "I never intentionally pointed the firearm at [the o]fficer" (id. at 33-34 (emphasis added); see also id. at 34 ("I never had any intentions of pointing a firearm at him.")).

[9] Ground Three also repeats the conclusory allegation from Ground Two (addressed above) that law enforcement officers "scratched off the serial number to the firearm in question." (Docket Entry 45, ¶ 12.C.) Again, that "[u]nsupported, conclusory allegation[] do[es] not warrant an evidentiary hearing, much less [habeas] relief." Ward, 2016 WL 1032847, at *4.

20